HAWKINS, Justice,
for the Court:
Theo Ratliff appeals from his conviction of murder in the Circuit Court of the Second Judicial District of Jones County and sentence to life imprisonment.
The only issues he raises on this appeal are the state’s failure to prove malice in the slaying, and that, since he was 62-years-old at the time of the slaying, to sentence him to life imprisonment violates the 8th Amendment.
Finding them to be without merit, we affirm.
FACTS
The city police of Laurel went to the residence of Gathea Jones shortly after 2:00 p.m. on the afternoon of April 15, 1980, where they found him seated in a chair; fully clothed; head slumped over on his right shoulder; cap still on his head; pieces of bread between his fingers; and quite dead. On the floor between his legs was a partially eaten sandwich.
The room was not torn up; there was no apparent sign of a struggle anywhere about the room, its contents, or about Jones.
He had been shot just below the left eye; the bullet had entered the brain and instantly killed him. Autopsy further revealed intoxication to the point of sedation.
Ratliff had spent the day with Jones drinking with him. He admitted to several people that he had shot Jones. His explanation is best set forth in his written statement to the police. After reciting the purchase of four half-pints at various establishments, and traveling together about the community, the statement in pertinent part reads as follows:
... Everything was real friendly. Then, we went on to Gatha’s house at 926 S. 8th. I went to get the bottle we had gotten at Eva’s. Gatha grabbed me and I told him to quit. I had a gun stuck down in my belt. We tusseled in the living room and somehow, I don’t know how, the gun was in my hand and I was trying to keep Gatha from getting it. The gun went off.... After the gun went off Gatha fell back in a chair.... We didn’t have anything to eat all day. We just drank. [Sic]
The jury was properly instructed, and obviously did not believe Ratliff’s version of the homicide.
LAW
Ratliff’s first assignment of error is that the state failed to prove a premeditated intent to kill, and Ratliff at most should have been found guilty of manslaughter.
Ratliff did not testify; the only evidence before the jury was the testimony of the police officers who found the body, and of acquaintances who had seen the pair that day; the photographs of the body as it was found in the chair of the room; testimony of the pathologist; and the written statement of Ratliff.
He argues that the presumption of malice which follows the use of a deadly weapon disappears when all the facts are in evidence. This is a correct statement of law, but inapplicable to the facts in this case. The facts pertaining to this slaying were not all introduced into evidence, and even if they were, from the evidence before the jury it was fully warranted in rejecting Ratliff’s version of the slaying. See: Smith v. State, 205 Miss. 288, 38 So.2d 725 (1949); Crockerham v. State, 202 Miss. 25, 30 So.2d 417 (1947); and Bennett v. State, 152 Miss. 728, 120 So. 837 (1929).
Ratliff also complains he was 62 years of age at the time of the slaying and a sentence to life imprisonment is violative of the 8th Amendment of the U.S. Constitu *807 tion. Stating this assignment of error answers it before this Court.
Finding no error, the judgment of the Circuit Court is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
WALKER, P.J., not participating.